IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,845-01






EX PARTE ELIZABETH ANN PERRY 


 AKA ELIZABETH ANN HARDIN, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. D-040426-R IN THE 260th JUDICIAL DISTRICT COURT 

OF ORANGE COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of theft, and punishment was assessed at confinement for four years. 
Applicant's appeal was dismissed for want of jurisdiction. Perry v. State, No. 09-05-00029-CR (Tex. App. --Beaumont, delivered April 27, 2005, no pet.).

 Applicant contends that she was denied the right to appeal due to counsel's ineffective
assistance.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from, or it may order a hearing. In the appropriate case the
trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent her at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether the Applicant expressed a desire to appeal her conviction within 30 days from
the date of the judgment, why appellate counsel was appointed after the 30 day period
following the date of judgment had expired, and whether the Applicant has been deprived
of her right to appeal through no fault of her own. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 7th DAY OF DECEMBER, 2005.





EN BANC

DO NOT PUBLISH 

 

1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.